IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KWAME OTOYUMABOYA HILL,

                Petitioner,

     v.                                       CASE NO. 18-3064-SAC

WARDEN DAN SCHNURR,[1]

                Respondent.


### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner challenges the 2010 conviction that resulted in his current incarceration.

The Court has conducted a preliminary screening of this matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the reasons that follow, concludes that this matter must be dismissed.

### Background

Petitioner was convicted in 2010. *State v. Hill*, 285 P.3d 1045 (Table), 2012 WL 4677701 (Kan.App. Sep. 28, 2012), *rev. denied*, Jul. 19, 2013.

In May 2014, he filed a federal habeas corpus petition under §2254, which he later voluntarily dismissed. *Hill v. Kansas*, 2014 WL 1745645 (D.Kan. May 18, 2014). In June 2014, petitioner filed a state post-conviction action under K.S.A. 60-1507. That matter was summarily dismissed in July 2014, and petitioner did not appeal.

---

[1] The Court substitutes Warden Schnurr as the respondent on its own motion. *See* Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

On February 12, 2015, petitioner filed a second petition under § 2254. That matter was dismissed as time-barred on February 2, 2016. *Hill v. Heimgartner*, #15-3028-SAC.

On February 23, 2015, petitioner filed a second state post-conviction action under K.S.A. 60-1507. The state district court denied the petition on October 28, 2015, and petitioner filed an appeal. The Kansas Court of Appeals affirmed the dismissal. *Hill v. State*, 394 P.3d 154 (Table), 2017 WL 2001615 (May 12, 2017), *rev. denied*, October 13, 2017.

On February 9, 2018, petitioner sought permission from the U.S. Court of Appeals to file a successive habeas corpus action. On February 26, 2018, the Tenth Circuit denied his request. *In re Hill*, #18-3020.

On February 23, 2018, petitioner filed a third petition under § 2254 while his request for authorization was pending before the Tenth Circuit. This Court dismissed that action on March 6, 2018, and noted that the Tenth Circuit recently had denied authorization to proceed in a successive application. *Hill v. Schnurr*, 2018 WL 226 8572 (D. Kan. Mar. 6, 2018).

On March 19, 2018, petitioner submitted the present application for habeas corpus.[2]

**Discussion**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). That law provides, in relevant part, "before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

---

[2] Although petitioner attempts to file this action under Case No. 15-3028, because that matter was dismissed as time-barred, the Clerk of the Court properly assigned it a separate case number.

28 U.S.C. § 2244(b)(3)(A). When a petition is second or successive and the appellate court has not granted prior authorization, the district court lacks jurisdiction to proceed. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The Tenth Circuit has rejected petitioner's application for authorization to proceed in a successive petition, and therefore, this Court lacks jurisdiction to proceed in petitioner's current application.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 20th day of March, 2018, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```